IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Chemoil Middle East DMCC, | § |
| | § |
| Plaintiff, | § CIVIL ACTION _____ |
| | § In Admiralty, Rule 9 (h) |
| VS. | § |
| | § |
| Gulf Marine Management S.A., | § |
| | § |
| Defendant, | § |
| | § |
| AND | § |
| | § |
| Marathon Oil Corporation, | § |
| | § |
| AND | § |
| | § |
| ABN AMRO N.V. | § |
| | § |
| Garnishees. | § |

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF PROCESS OF MARITIME
ATTACHMENT AND GARNISHMENT**

Plaintiff Chemoil Middle East DMCC ("Chemoil") complains of the Defendant Gulf Marine Management S.A. ("Gulf Marine") and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1331, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breaches of a maritime contract.

2. At and during all material times hereinafter mentioned, Plaintiff Chemoil was and is now a company organized and existing under the laws of Dubai in the United Arab Emirates.

3. At and during all material times hereinafter mentioned, Defendant Gulf Marine

1

Management S.A. was and is now a company organized and existing under the laws of Panama.

## FACTUAL BACKGROUND

4. On or about January 13, 2014, Gulf Marine, the operator, and/or manager, and/or parent corporation, of the charterer of the M/V ARTEMIS GLORY, ordered from Chemoil marine fuel ("bunkers") for provision to the M/V ARTEMIS GLORY. Chemoil confirmed the order on January 13, 2014.

5. Chemoil's confirmation made plain that Chemoil's terms and conditions would apply to the sale and was a counter-offer. The confirmation states specifically as follows:

> **This sale is based on the standard terms and conditions of sale of marine fuel by Chemoil Energy Group of Companies (May 2012). Fuel oil will be supplied with the express recognition that procurement was authorized by the owner of the vessel, as defined by section 971 of the federal maritime lien act.**
>
> **All sales will be considered as ratified by the owner, agent, ship's master or charterer.** Please note that, in accordance with Chemoil's terms and conditions of sale, late payments will be subject to finance charges of 2% per month, or the maximum rate permitted under law, whichever is less, calculated from the due date until payment. **Please refer to our webpage at www.chemoil.com for a copy of our port tariffs and standard terms and conditions of sale of marine fuel**.
>
> **We will assume that all parties agree to this confirmation unless we are notified in writing 24 hours of the date and time that this message is sent**.

Chemoil received no notification to the contrary in writing within 24 hours of the date and time of this January 16, 2014 confirmation, or otherwise. Chemoil's Standard Terms and Conditions ("Standard Terms"), incorporated into the sale terms, provide for Chemoil's recovery of all of its interest, costs and attorneys' fees should payment not be timely made.

6. Chemoil, through the physical supplier, GPSChemoil LLC DZC, on January 16, 2014 caused the bunkers to be provided to the M/V ARTEMIS GLORY at Fujairah Anchorage "A".

7. On January 17, 2014 Chemoil issued its invoice to Gulf Marine, in the agreed amount of $1,307,080.50, with 45 day terms. The total remaining due to Chemoil, including interest and finance charges, is $1,307,080.50, and further interest, costs and attorneys fees as provided in the Chemoil Standard Terms.  Despite repeated demand, Chemoil has not been paid for the bunkers provided to the M/V ARTEMIS GLORY, and related contractually-required charges.  A copy of each supporting document, referred to above for this claim, is in **Exhibit A hereto**.

## COUNT I

### Breach of Maritime Contracts

8. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

9. Defendant Gulf Marine Management S.A. has breached its maritime contracts as set out above.  Despite demand, Plaintiff remains unpaid.

10. Plaintiff therefore demands judgment, as set out more fully below.

## COUNT II

### Maritime Attachment and Garnishment (Rule B)

11. Plaintiff incorporates the above paragraphs as if specifically set forth herein.

12. On information and belief, Defendant has property within this District held by the Garnishee(s) or within the control of the Garnishee(s), including but not limited to, moneys of Defendant held by the Garnishee(s).

13. Defendant cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment to each Garnishee pursuant to Supplemental Rule B attaching all of Defendant's tangible or intangible property or any other funds held any

Garnishee on behalf of Defendant, up to the amount of at least $1,307,080.50 for Plaintiff Chemoil (plus contractually-required interest, costs, and attorneys' fees (at least, the principal and 30%, total, **at least $1,699,204.65**)), and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

    **WHEREFORE**, Plaintiff prays:

    A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

    B.    That this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at $1,307,080.50 for Chemoil plus contractually-required interest, costs, and attorneys' fees (at least, the principal and 30%, total, **at least $1,699,204.65**), and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Respectfully Submitted,

| | |
|---|---|
| KELLY HART & HALLMAN LLP | */s/ J. Stephen Simms* |
| 201 Main Street, Suite 2500 | J. Stephen Simms |
| Fort Worth, Texas 76102 | John T. Ward |
| Telephone: (817) 332-2500 | (pro hac motions to be filed) |
| Telecopier: (817) 878-9280 | Simms Showers LLP |
| | 201 International Circle, Suite 250 |
| SCOTT R. WIEHLE | Hunt Valley, Maryland 21030 |
| State Bar No. 24043991 | Telephone: (410) 783-5795 |
| | Facsimile: (410) 510-1789 |
| MALLORY A. BEAGLES | jssimms@simmsshowers.com |
| State Bar No. 24078212 | jtward@simmsshowers.com |

Attorneys for Chemoil Middle East DMCC

5