**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| Chemoil Middle East DMCC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION <u>3:14-cv-0230</u>0-N |
| | § | In Admiralty, Rule 9 (h) |
| VS. | § | |
| | § | |
| Gulf Marine Management S.A., *et al.*, | § | |
| | § | |
| Defendant and Garnishees. | § | |

**ORDER DIRECTING CLERK TO ISSUE
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Upon reading and filing the Verified Complaint of Plaintiff Chemoil Middle East DMCC, verified on June 25, 2014 by Mallory A. Beagles that to the best of her information and belief, Defendant Gulf Marine Management S.A. cannot be found within this district, and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

NOW, upon Plaintiff's motion, it is hereby,

**ORDERED**, that the Clerk of this Court is authorized to issue the Process of Maritime Attachment and Garnishment against all assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at Garnishees Marathon Oil Corporation and/or ABN AMRO N.V., and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment

upon any garnishees in this district not named herein, in an amount up to and including

**$1,699,204.65** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished

pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which

the Plaintiff shall be required to show why the garnishment should not be vacated or other relief

granted: and it is further

**ORDERED**, that supplemental process enforcing the Court's Order may be issued by the

Clerk upon application without further Order of the Court; and it is further

**ORDERED**, that following initial service by the United States Marshal or other designated

process server upon each garnishee, supplemental service of the Process of Maritime

Garnishment, as well as this Order, may be made by way of facsimile transmission or email to each

garnishee and, it is further,

**ORDERED**, that service on any garnishee as described above is deemed continuous

throughout the day from the time of such service through the opening of the garnishee's business

the next business day; and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee

may consent, in writing, to accept service by any other means;

**ORDERED**, that a copy of this Order be attached to and served with the said Process of

Maritime Attachment and Garnishment; and, it is further,

**ORDERED,** that to afford an opportunity for an expeditious hearing of any objections

which might be raised by Defendant, or any Garnishee, a hearing may be set by calling the case

manager of the undersigned.

Signed at Dallas this ___ day of June 2014.

**SO ORDERED:**

_____

UNITED STATES DISTRICT / MAGISTRATE JUDGE