UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Chemoil Middle East DMCC, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION No. 3:14-cv-02300-N |
| | § | In Admiralty, Rule 9 (h) |
| Gulf Marine Management S.A., et al., | § | |
| Defendant and Garnishees. | § | |

MOTION FOR COMPULSORY PROCESS
AGAINST GARNISHEE ABN AMRO BANK N.V

Plaintiff Chemoil Middle East DMCC ("Chemoil") hereby requests, pursuant to Supplemental Rule B(3)(a), that the Court issue an Order providing for compulsory process against **ABN AMRO Bank N.V.**.

The Process of Maritime Attachment and Garnishment ("Garnishment Writ") requested by Chemoil and issued by this Court names **ABN AMRO Bank N.V.** as the garnishee.

On September 10, 2014, **ABN AMRO Bank N.V.** accepted personal service of the Garnishment Writ through service upon CT Corporation, the Registered Agent of ABN AMRO Bank NV.

The Garnishment Writ required **ABN AMRO Bank N.V.** to serve its answer within 21 days after service of process and directed **ABN AMRO Bank N.V.** to "attach goods, chattels, credits and effects located and to be found in this District belonging to Defendant, or in the hands of the Garnishee named, up to the Garnishment Amount . . ." **ABN AMRO Bank N.V.** was

required to file its answer with the Court by no later than October 3, 2014.  To date – 35 days after being served – **ABN AMRO Bank N.V.** has failed to answer the Garnishment Writ.

On September 10, 2014, Chemoil also served a set of Interrogatories on **ABN AMRO Bank N.V.** by delivering them to CT Corporation, the Registered Agent for ABN AMRO Bank NV.  **ABN AMRO Bank N.V.** has never responded to the Interrogatories although its answers are long overdue.

This is a case of admiralty and maritime jurisdiction and was brought pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.  Supplemental Rule B(3)(a) provides for compulsory process where, as here, a garnishee fails to answer a writ of garnishment:

> If the garnishee refuses or neglects to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff, **the court may award compulsory process against the garnishee**.

(Emphasis added).

**ABN AMRO Bank N.V.** has failed to answer the Garnishment Writ and respond to the Interrogatories.

Chemoil seeks compulsory process against **ABN AMRO Bank N.V.** by way of an Order directing **ABN AMRO Bank N.V.** to provide full and complete answers to Plaintiff's interrogatories (all objections having been waived) and to appear for a deposition to testify as to its relationship with Gulf Marine Management S.A, the existence and details of any Gulf Marine Management S.A, accounts, including deposits and withdrawals, held by **ABN AMRO Bank N.V.** for the benefit of Defendant Gulf Marine Management S.A, and all matters related to the instant action.

The PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT issued by this Court and served on ABN AMRO Bank NV Ordered the Bank:

> to file with the Clerk of the United States District Court for the Northern District of Texas . . . . within twenty-one (21) days from the service of this Writ, a report, under oath, setting forth in detail all debts owing by [ABN AMRO Bank, NV] to Defendant; all property of Defendants in the possession, custody or control of Garnishees or to which the Garnishees hold legal title; all property which is held by Garnishees as fiduciary in which the Defendant has an interest; and whether any property attached is immune or exempt from attachment; unless, if intangible property is attached, Garnishee provides to the Marshal for payment into the registry of the Court the amount owed to the extent of the amount claimed by Plaintiff with interest and costs, in which event Garnishee shall not be required to answer;

ABN AMRO Bank NV has not filed the required report with the Clerk, nor has it paid any intangible property into the registry of the Court.

Chemoil also requests an Order to ABN AMRO Bank NV directing it to show cause before this Court, on a date to be set by this Court, why an order should not be made and entered herein, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

> (a) Compelling ABN AMRO Bank NV to comply with the requirements of the Writ of Maritime Attachment and Garnishment (See, *Orr v. Bowles*, 2002 U.S. Dist. LEXIS 8941 (NDTX 2002) and
> (b) Granting Chemoil its costs and disbursements of this proceeding, including reasonable attorneys' fees; and
> (c) Awarding such other relief as the Court deems just and proper.

Chemoil submits a proposed order herewith.

Dated: October 20, 2014.

/s/John T. Ward
John T. Ward
J. Stephen Simms
Marios J. Monopolis
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Tel:   410-783-5795
Fax:   410-510-1789
Email: johntward@simmsshowers.com

3

Attorneys for Plaintiff

CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 of this Court, I hereby certify that it was not possible to confer with an attorney for Garnishee ABN AMRO Bank NV because the Garnishee has not filed a response to the Writ of Attachment and Garnishment served on it in this action and no attorney has entered an appearance on behalf of Garnishee.

/s/ John T. Ward

John T. Ward
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Tel:    410-783-5795
Fax:    410-510-1789
Email: jtward@simmsshowers.com